1   **WO**

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7           **FOR THE DISTRICT OF ARIZONA**

8   Dushan Stephan Nickolich, II,        )   No. CV 06-2508-PHX-SMM (JRI)
                                          )
9                Plaintiff,               )   **ORDER TO SHOW CAUSE**
                                          )
10  vs.                                   )
                                          )
11  Arizona Department of Corrections, et al.,)
                                          )
12               Defendants.              )
                                          )

13

14          Plaintiff Dushan Stephan Nickolich, II, who is confined in the Arizona State Prison

15  Complex-Tucson, in Tucson, Arizona, has filed a *pro se* civil rights Complaint pursuant to

16  42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc.# 1.)[1]  Plaintiff

17  has also filed a "Motion for Service."  (Doc.# 3.)  The Court will dismiss all of the

18  Defendants except Dr. Rowe and will order Plaintiff to show cause why his claims against

19  Dr. Richard Rowe should not be dismissed as time-barred.  Because Plaintiff fails to state a

20  claim against particular Defendants and his claims otherwise appear to be time-barred,

    Plaintiff's motion for service will be denied.  (Doc.# 3.)

21  **I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

22          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

23  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  The Court will assess an

24  initial partial filing fee of $ 8.09.  28 U.S.C.§ 1915 (b)(1)(A).  The remainder of the fee will

25  be collected monthly in payments of 20% of the previous month's income each time the

26  amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

27

28

---

[1]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

1  separate Order requiring the appropriate government agency to collect the fees according to

2  the statutory formula.

3  **II.  Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1),(2).

10  **III.  Complaint**

11        Plaintiff's action concerns the failure to inform him that he was diabetic and to

12  provide appropriate treatment for diabetes to him for four years.  Plaintiff sues the Arizona

13  Department of Corrections (ADC); ADC Director Dora Schriro; ADC Facility Health

14  Administrator Jayne Russell; and ADC Health Care Provider Dr. Richard Rowe.  Plaintiff

15  seeks compensatory and punitive damages.

16        The following facts are alleged in Plaintiff's Complaint.  On August 26, 2004,

17  Plaintiff was informed for the first time that he was diabetic, although his prison medical

18  records and tests reflected that he has been diabetic since August 29, 2000.  Plaintiff

19  contends that because he was not informed until 2004 that he was diabetic, and he was not

20  provided appropriate treatment therefor, the debilitating effects of the disease were

21  accelerated and resulted in damage to his vision and his liver.  In Count I, Plaintiff alleges

22  that Dr. Rowe knew no later than August 29, 2000, that Plaintiff was diabetic but failed to

23  inform and treat him for that illness in violation of Plaintiff's Eighth Amendment rights.  In

24  Count II, Plaintiff alleges that Dr. Rowe and ADC knew of Plaintiff's diabetic condition and

25  that they violated Plaintiff's Fourteenth Amendment right to procedural due process by

26  failing to inform him thereof.  In Count III, Plaintiff alleges malpractice by Dr. Rowe based

27  on his alleged failure to inform Plaintiff that he was diabetic and to properly treat such

28  condition.

**JDDL-K**

**IV.  Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.  ADC**

Plaintiff sues the Arizona Department of Corrections.   Under the Eleventh Amendment to the Constitution of the United States, neither a state nor its agencies may be sued in federal court without the state's consent.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Arizona and its arms, such as ADC, also are not "persons" within the meaning of § 1983.  Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).  Accordingly, ADC will be dismissed.

**B.  Director Schriro and Administrator Russell**

Plaintiff also names ADC Director Schriro and Heath Administrator Russell as Defendants in this action.  Plaintiff fails, however, to set forth any claims against either.  It appears that he names them solely because they are Dr. Rowe's superiors.  There is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a person who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor, 880 F.2d at 1045.  Accordingly, Defendants Schriro and Russell will be dismissed.

**C.  Statute of Limitations**

Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights and a state malpractice claim against Dr. Rowe based on Rowe's alleged failure to inform him that he

1  was diabetic in 2000 and to render appropriate treatment since that time.  Plaintiff alleges that

2  he learned he was diabetic on August 26, 2004, or four years after Dr. Rowe first learned that

3  he was diabetic.

4          The failure to state a claim includes circumstances where a defense is complete and

5  obvious from the face of the pleadings.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir.

6  1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)).  Further, in

7  the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*.  <u>See</u>

8  <u>Levald, Inc. v. City of Palm Desert</u>, 998 F.2d 680, 687 (9th Cir. 1993); <u>see also</u> <u>Hughes v.</u>

9  <u>Lott</u>, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua*

10  *sponte* as time-barred under § 1915(e)(2)(B)); <u>Nasim v. Warden, Maryland House of Corr.</u>,

11  64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir.

12  1995) (same); <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (same); <u>Johnson v.</u>

13  <u>Rodriguez</u>, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

14          In § 1983 actions, the Court applies the statute of limitations of the forum state for

15  personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266, 274-76 (1985); <u>TwoRivers v.</u>

16  <u>Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir.

17  1991).  The Arizona statute of limitations for personal injury actions, including medical

18  malpractice, is two years.  <u>See</u> A.R.S. § 12-542(1); <u>Madden-Tyler v. Maricopa County</u>, 943

19  P.2d 822, 824 (Ariz. Ct. App. 1997); <u>Vaughan</u>, 927 F.2d at 478.  The Court must also apply

20  any state rule for tolling to actions brought under § 1983.[2]  <u>Hardin v. Straub</u>, 490 U.S. 536,

21  544 (1989); <u>TwoRivers</u>, 174 F.3d at 992 (§ 1983).  Arizona provides for tolling of the statute

22  of limitation after a cause of action accrues for the period during which a plaintiff was less

23  than 18 years old or of unsound mind.  A.R.S. § 12-502.

24          It appears from the face of Plaintiff's Complaint that his claims accrued more than two

25

26  _____

27          [2]  Arizona's former tolling provision for prisoner causes of action, A.R.S. § 12-
502(B), was repealed effective July 20, 1996.  <u>See</u> <u>TwoRivers</u>, 174 F.3d at 995.  Because
28  Plaintiff's claims accrued after repeal of the tolling provision, he is not entitled to tolling on
that basis.

years before he filed his Complaint and that they are, therefore, time-barred.  His complaint was filed on October 20, 2006.  For his federal and state claims to be timely, they must have accrued no earlier than October 20, 2004, two years before his Complaint was filed.  "[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action."  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Plaintiff alleges that on August 26, 2004, he first learned that he was diabetic and that Dr. Rowe had failed to inform him of that fact or to properly treat him for it for nearly four years.  Thus, Plaintiff's claims accrued on August 26, 2004, but Plaintiff did not file this action until more than two years later.  Plaintiff will be ordered to show cause why his claims against Dr. Rowe should not be dismissed as time-barred.[3]

## V.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

### C.  Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

---

[3] It appears that any claim against Schriro and Russell would be similarly time-barred.

**D.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.09.

(3)  Defendants Arizona Department of Corrections, Director Dora Schriro and Jayne Russell are **dismissed**.

(4)  Plaintiff's motion for service is **denied**.  (Doc.# 3.)

(5)  Plaintiff must file a written response to this Order in which he shows cause why his claims against Defendant Rowe action should not be dismissed for failure to state a claim no later than **30 days** from the filing date of this Order.

(6)  If Plaintiff fails to file a written response in which he attempts to show cause why his claims against Defendant Rowe should not be dismissed for failure to state a claim within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

DATED this 8th day of December, 2006.

Stephen M. McNamee
United States District Judge

JDDL-K

- 6 -