**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dushan Stephan Nickolich, II, | ) | No. CV 06-2508-PHX-SMM (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arizona Department of Corrections, et al., | ) | |
| Defendants. | ) | |

Plaintiff Dushan Stephan Nickolich, II, who is confined in the Arizona State Prison Complex-Tucson, in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a motion for service. (Doc.# 1, 3.)[1] The Court dismissed all of the Defendants except Dr. Rowe, ordered Plaintiff to show cause why his claims against Dr. Rowe should not be dismissed as time-barred and denied the motion for service. (Doc.# 4.) Plaintiff thereafter filed a document captioned "Status" in which he asked the status of his motion for service. (Doc.# 7.) He also filed a "Notice of Complaint With Court Order (Docket Number # 4), and Motion to Amend Complaint," with a proposed First Amended Complaint. (Doc.# 8, 9.) Plaintiff's request for status of his motion to serve will be granted to the extent set forth above. Plaintiff's motion to amend the Complaint will be granted and his First Amended Complaint ordered filed. Because the First Amended Complaint fails to state a claim and Plaintiff has not established cause why his claims are not time-barred, the First Amended Complaint and this action will be dismissed.

---

[1] "Doc.#" refers to the docket number of filings in this case.

## I.     Background

Plaintiff's Complaint concerned the failure to inform him that he was diabetic and to provide appropriate treatment to him for diabetes for four years. Plaintiff sued the Arizona Department of Corrections (ADC), ADC Director Dora Schriro, ADC Facility Health Administrator Jayne Russell and ADC Health Care Provider Dr. Richard Rowe.

The following facts were alleged in Plaintiff's Complaint. On August 24, 2004, Plaintiff was informed for the first time that he was diabetic, although his prison medical records and tests reflected that he had been diabetic since at least August 29, 2000. Plaintiff alleged that because he was not informed that he was diabetic until 2004, his diabetes had consequently not been properly treated resulting in acceleration of its debilitating effects and damaging his vision and liver. In Count I, Plaintiff alleged Dr. Rowe knew no later than August 29, 2000 that he was diabetic but failed to inform and treat him for that illness in violation of his Eighth Amendment rights. In Count II, Plaintiff alleged that Dr. Rowe and ADC knew of his diabetic condition, but violated his Fourteenth Amendment right to procedural due process by failing to inform him thereof. In Count III, Plaintiff alleged malpractice by Dr. Rowe based on his alleged failure to inform Plaintiff that he was diabetic and to properly treat his diabetes.

The Court dismissed ADC based on Eleventh Amendment immunity. It dismissed Schriro and Russell because liability in the Complaint was predicated solely on *respondeat superior*. The Court ordered Plaintiff to show cause why his claims against Dr. Rowe, the only remaining Defendant, were not time-barred.

## II.    Motion to Amend

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). Accordingly, Plaintiff's motion to amend will be granted and his First Amended Complaint ordered filed. (Doc.# 8, 9.) The First Amended Complaint supersedes the Complaint in its entirety.

/   /   /

/   /   /

**III.    Statutory Screening First Amended Complaint**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). However, leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. Plaintiff's First Amended Complaint will be dismissed without leave to amend.

**IV.    First Amended Complaint**

In his First Amended Complaint, Plaintiff sues the State of Arizona, Dora Schriro, Jayne Russell and Dr. Richard Rowe. (Doc.# 9 at 1.) Plaintiff seeks compensatory and punitive damages. (Id. at 7.) Plaintiff alleges the same facts in his First Amended Complaint as those alleged in his Complaint, except that he provides information concerning administrative exhaustion of his claims. (Id. at 4-6.)

**V.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

- 3 -

### A.  State of Arizona

Plaintiff substitutes the State of Arizona for ADC in his First Amended Complaint. As the Court stated in its prior Order, under the Eleventh Amendment to the Constitution of the United States, *neither a state nor its agencies* may be sued in federal court without the state's consent.  (Doc.# 4, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).)  Contrary to Plaintiff's assertion, A.R.S. § 31-201.01(F) does not waive the State's Eleventh Amendment immunity from suit for damages but instead provides that judgments for torts committed by the ADC director, officers or employees within the scope of their legal duty will be paid or reimbursed by the State.  (See doc.# 8 at 3-4.)  Moreover, the State of Arizona, and its agencies, are not "persons" within the meaning of § 1983.  Hale v. State of Ariz., 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).  Accordingly, the State of Arizona will be dismissed.[2]

### B.  Statute of Limitations

Counts I and III mirror Counts I and III of the original Complaint, while Count II has been somewhat altered.  (See doc.# 9 at 4-6.)  Nevertheless, all three claims, as amended, facially appear to be barred by the statute of limitation.

In response to the Court's show cause order, Plaintiff argues the statute of limitation runs from when he exhausted his grievance administratively rather than from when he first learned that Defendants had failed to inform him that he was diabetic.  (Doc.# 8 at 3-6.) Alternatively, he argues the statute of limitation is subject to tolling while he exhausted administrative grievance procedures.  (Id.)

In § 1983 actions, the Court applies the statute of limitations of the forum state for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).  The Arizona statute of limitations for personal injury actions, including medical

---

[2] As discussed below, even if Plaintiff could sue the State for damages under § 1983, his claims would be time-barred.

- 4 -

1 malpractice, is two years. See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943
2 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478. The Court must also apply
3 any state rule for tolling to actions brought under § 1983.[3] Hardin v. Straub, 490 U.S. 536,
4 544 (1989); TwoRivers, 174 F.3d at 992 (§ 1983). Additionally, however, the applicable
5 statute of limitation will be tolled while a prisoner completes the mandatory exhaustion
6 process pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). Brown v.
7 Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

8 In his First Amended Complaint, Plaintiff alleges that on August 28, 2004, Facility
9 Health Administrator Russell denied his grievance regarding Dr. Rowe's failure to inform
10 him that he was diabetic and/or to properly treat him for it prior to that time. (Doc.# 9 at 4.)
11 On May 2, 2005, Director Schriro denied Plaintiff's appeal from Russell's response. (Id.)

12 "[A] claim generally accrues when a plaintiff knows or has reason to know of the
13 injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374,
14 379 (9th Cir. 1998). Plaintiff alleges that he first learned that he was diabetic, and that he
15 had been diabetic for more than four years, on August 26, 2004; therefore, Plaintiff's claims
16 regarding the failure to inform and/or to properly treat that condition prior to learning that
17 he was diabetic, accrued no later than August 26, 2004.

18 Plaintiff commenced this action on October 20, 2006, or more than two years after his
19 claims accrued. (Doc.# 1.) Further, Plaintiff alleges that he fully exhausted his claims by
20 May, 2005. The availability of tolling while he administratively exhausted his claims is
21 irrelevant here because Plaintiff could have commenced this action within the limitation
22 period even after he had fully exhausted his grievance. Plaintiff nevertheless waited until
23 more than a year after exhaustion was complete, and after the statute of limitation had run,

---

[3] Arizona's former tolling provision for prisoner causes of action, A.R.S. § 12-502(B), was repealed effective July 20, 1996. See TwoRivers, 174 F.3d at 995. Because Plaintiff's claims accrued after repeal of the tolling provision, he is not entitled to tolling on that basis. Arizona otherwise provides for tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind. A.R.S. § 12-502.

1 to bring this action. For these reasons, Plaintiff has failed to establish cause why his claims,
2 as amended, should not be dismissed as time-barred.

### C. Failure to State a Constitutional Violation in Count II

Count II of the First Amended Complaint is subject to dismissal on the alternative basis that it fails to state a claim for a constitutional violation. In Count II, Plaintiff alleges that he was denied procedural due process because Dr. Rowe had input into Russell's denial of the grievance. There is no free-standing constitutional right to a grievance process because inmates do not have a protected liberty interest in prison grievance procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Moreover, while a prisoner may challenge a state action that does not restrain a protected liberty interest, he may do so only if it "nonetheless imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). Dr. Rowe's input into the denial of Plaintiff's grievance in no way affected the condition or degree to which Plaintiff was otherwise confined. In short, Plaintiff cannot state a Fourteenth Amendment procedural due process claim based on Dr. Rowe's alleged involvement in resolution of his grievance.

### Conclusion

Plaintiff's motion for status will be granted to the extent stated herein. Plaintiff's motion to amend will be granted and the First Amended Complaint filed. For the reasons discussed, however, Plaintiff's First Amended Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's motion for status of his motion to serve is **granted** to the extent set forth herein. (Doc.# 7.)

(2)  Plaintiff's motion to amend is **granted** and his First Amended Complaint must be filed.  (Doc.# 8.)

(3)  Defendant State of Arizona is **dismissed**.

(4)  Plaintiff's First Amended Complaint (doc.# 9) and this action are **dismissed**.

(5)  The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 26th day of January, 2007.

Stephen M. McNamee
United States District Judge