**WO**                                                                                    JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dushan Stephan Nickolich, II, | No. CV 06-2508-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Dushan Stephan Nickolich, II, filed this civil rights action under 42 U.S.C. § 1983 against Dr. Rowe, a physician with the Arizona Department of Corrections (ADC) (Doc. #12).[1]  Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims are time-barred (Doc. #28).  Also before the Court is Plaintiff's Motion to Amend (Doc. #42).  The Court will grant Defendant's motion, deny Plaintiff's motion, and terminate this action.

**I.    Background**

In his First Amended Complaint, Plaintiff alleged that on August 26, 2004, he was informed for the first time that he was diabetic, although his prison medical records and tests reflected that he had been diabetic since at least August 29, 2000 (Doc. #12).  Plaintiff alleged that because he was not informed that he was diabetic until 2004, his diabetes had

---

[1]Upon screening of the First Amended Complaint, the Court dismissed the State of Arizona and Russell as defendants (Doc. #15).

not been properly treated, resulting in acceleration of its debilitating effects, including damage to his vision and liver.  Plaintiff claimed that Defendant knew of Plaintiff's diabetes yet failed to inform him or treat him for the illness, in violation of Plaintiff's Eighth Amendment rights (Count I) (id. at 4).  In Count III, Plaintiff alleged malpractice by Defendant based on the alleged failure to inform Plaintiff that he was diabetic and to properly treat his diabetes (id. at 6).[2]

The Court initially dismissed Plaintiff's claims as time-barred and entered judgment (Doc. #11).  Plaintiff then moved for reconsideration and asserted an "unsound mind" argument for the tolling of the two year statute of limitations (Doc. #14).  He stated that he has an extensive mental health history dating back to childhood and that he was a resident of the Flamenco Mental Health Behavioral Unit at the time he learned he was diabetic.  The Court determined that because Plaintiff may be able to establish that the statute of limitations should be tolled, the judgment was vacated and Dr. Rowe was ordered to answer Counts I and III (Doc. #15).

Defendant then filed his Motion to Dismiss in which he asked the Court to take judicial notice of Plaintiff's 2005-2006 filings in a separate case in the district court—Nickolich v. Schriro, CV 05-2364-PHX-SMM (JRI) (Doc. #28).  Defendant contended that these filings demonstrate that Plaintiff was not of unsound mind prior to commencing this action and thus the statute of limitations should not be tolled.  Defendant further contended that Plaintiff's state law claims may run only against the State; thus, Count III must be dismissed (id. at 5-6).  Defendant noted that even if Plaintiff had named the State as a defendant, the claim would be barred under the Eleventh Amendment.

The Court issued an Order informing Plaintiff of his obligation to respond to Defendant's motion (Doc. #29).  In his response, Plaintiff argued that the Court should not consider the separate action because that matter is completely unrelated to this one (Doc.

---

[2]Count II, which alleged the denial of procedural due process, was dismissed for failure to state a claim (Doc. #11).

#31).  Even so, he alleged that in the other action the defendants' psychologist stated that Plaintiff had some level of brain impairment and suffered from personality disorder.  As to Count III, Plaintiff asserted that the Eleventh Amendment does not apply because Defendant and the ADC are subject to federal regulation, and because Plaintiff is not a citizen of the State and is therefore not barred from bringing a claim under the Americans with Disabilities Act (ADA).

Defendant replied that regardless of Plaintiff's history of mental health problems, which Defendant does not dispute, it is clear that Plaintiff was able to manage his daily affairs and understand his legal rights as evinced by his litigation of another matter (Doc. #33).  Defendant further pointed out that Plaintiff did not bring a claim under the ADA and he cannot now convert his § 1983 claim and malpractice claim into an ADA claim, which would nonetheless be time-barred.

## II.     Legal Standard

### A.     Federal Rule of Civil Procedure 12(b)(6)

A motion brought under Rule 12(b)(6) is a challenge to the sufficiency of the pleading.  For purposes of ruling on a Rule 12(b)(6) motion, the Court must take as true the material facts alleged in the First Amended Complaint, Hosp. Bldg. Co. v Trustees of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the First Amended Complaint in the light most favorable to Plaintiff.  Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).  The rule of liberal construction of pleadings is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Generally, the Court's consideration of evidence outside of a complaint serves to convert a motion to dismiss into a motion for summary judgment, which requires specific notice to the non-moving party, particularly in the case of pro se prisoner.  See United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Klingele v. Eikenberry, 849 F.2d 409, 411-

1   12 (9th Cir. 1988).   The Court may only consider a limited set of documents without

2   converting a Rule 12(b)(6) motion into a motion for summary judgment: documents attached

3   to the First Amended Complaint, documents incorporated by reference in the First Amended

4   Complaint, or matters that can be judicially noticed under Federal Rule of Evidence 201.

5   Ritchie, 342 F.3d at 908;  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

6   ### B.   Statute of Limitations

7   A statute of limitations defense may be raised in a Rule 12(b)(6) motion to dismiss if

8   the running of the statute is apparent on the face of the complaint.  Jablon v. Dean Witter &

9   Co., 614 F.2d 677, 682 (9th Cir. 1980).   In § 1983 actions, the applicable statute of

10  limitations is the forum state's statute of limitations for personal injury actions.  Owens v.

11  Okure, 488 U.S. 235, 249-50 (1989).  Arizona's limitation period for personal injury actions

12  is two years.  See Ariz. Rev. Stat. § 12-542(1).  The Court must apply state tolling rules to

13  § 1983 actions.  Hardin v. Straub, 490 U.S. 536, 544 (1989); TwoRivers v. Lewis, 174 F.3d

14  987, 992 (9th Cir. 1999).  A cause of action accrues and the statute of limitations begins to

15  run for a § 1983 claim when "'the plaintiff knows or has reason to know of the injury which

16  is the basis of the action'"  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 926 (9th Cir.

17  2004) (internal citation omitted).[3]

18  Ariz. Rev. Stat. 12-502(A) provides that the statute of limitations is tolled for a person

19  who is "of unsound mind" when the cause of action accrues.  Under this statute, a person of

20  "unsound mind" refers to a person who is unable to manage his affairs or to understand his

21  legal rights or liabilities.  Florez v. Sargeant, 917 P.2d 250, 254 (1996), citing Allen v.

22  Powell's Int'l, Inc., 518 P.2d 588, 589 (Ariz. Ct. App. 1974).  Thus, there are two separate

23  inquires that demonstrate an unsound mind: (1) the inability to manage daily affairs, and (2)

24  the inability to understand legal rights and liabilities.  Doe v. Roe, 955 P.2d 951, 964 (Ariz.

25  1998).  To toll the limitations period a plaintiff may not just summarily claim the inability

26

27  [3]Neither party appears to dispute that Plaintiff's claim accrued in August 2004, when

28  he became aware that he was diabetic and had been diabetic for more than four years.

to bring an action; rather, he must "set forth specific facts—hard evidence—supporting the conclusion of unsound mind." Id.

**III.    Analysis**

    **A.    Judicial Notice**

The first step in determining if Plaintiff's claim is time-barred is to establish whether the Court may take judicial notice of Plaintiff's filings in a separate action in the district court.  Federal Rule of Evidence 201(b) provides for taking judicial notice of facts that are not subject to dispute because they can be confirmed by sources whose accuracy cannot be questioned.  As noted by Defendant, a district court may take judicial notice of matters of public record.  Lee, 250 F.3d at 689.  But a court may not take judicial notice of records in another action for the purpose of supplying facts essential to support a contention in a cause pending before it.  M/V American Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983).  Thus, as long as judicial notice of documents filed in other courts or actions is "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings," it is permissible.  Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991).

Here, Defendant is not requesting that the Court take judicial notice of the facts set forth within the pleadings and motions filed in Nickolich, CV 05-2364-PHX-SMM (JRI); rather, Defendant merely seeks that the Court take judicial notice of the fact that numerous documents were filed in that action, evincing Plaintiff's litigation of the matter.  This type of judicial notice is appropriate under Rule 201.  The Court will therefore consider the fact that in the separate action Plaintiff filed approximately eight motions and one notice of change of address between August 2005 and August 2006.  Nickolich, CV 05-2364-PHX-SMM (JRI) (Doc. ##3, 11, 20, 22, 28, 30, 31, 36, 38, and 10).

    **B.    Tolling for Unsound Mind**

The next step in the analysis is to determine whether the fact that Plaintiff litigated another matter within the limitations period of the instant action precludes a finding that

Plaintiff was of unsound mind.  Plaintiff argues that evidence submitted from a psychologist in the other action supports a finding that he was of unsound mind.  But because the Court may not consider the facts set forth in the documents filed in the other action, it will only recognize that the other matter was litigated.  Plaintiff next argues that he was only able to file documents in the other action with the help of other inmates (Doc. #31 at 3).  This claim does not support a conclusion that Plaintiff was unable to understand his legal rights and liabilities in the present case.  He has not set forth any specific facts to demonstrate that his mental status impaired his ability to recognize his right to file or to actually file this action.  Moreover, it is inconceivable how Plaintiff could actively litigate one lawsuit yet be unable to file a second action due to an unsound mind.  Without any evidence to the contrary, the Court cannot toll the statute of limitations.  As such, Plaintiff's action, which was not filed until October 16, 2006,[4] is barred by the two year statute of limitations.

In light of the Court's determination that Plaintiff's claims are time-barred, it need not address the arguments regarding Eleventh Amendment immunity.  Defendant's Motion to Dismiss will be granted.

**IV.    Motion to Amend**

In his motion, Plaintiff seeks leave to amend his pleading to include the lesser claim of negligence (Doc. #42).  Pursuant to the Local Rules of Civil Procedure, Plaintiff lodged his proposed Second Amended Complaint (Doc. #43).  Defendant opposed amendment on the ground that it does not cure the deficiencies of the First Amended Complaint (Doc. #46).  Defendant claimed that the statute of limitations and Eleventh Amendment Immunity defeat the claims in the proposed amended pleading (id. at 2).

Plaintiff's proposed amendment only adds an additional state law claim; it does not correct the failure to file his action within the applicable limitations period.  Because it does

---

[4]Under the "prison mailbox rule," a Complaint is deemed "filed" when handed by the prisoner to a prison official for mailing.  Houston v. Lack, 487 U.S. 266, 270-71 (1988).  To determine the date of filing, the Court looks at the date the prisoner signed the Complaint.

1  not appear "at all possible that the plaintiff can correct the defect" of his pleading, the Motion

2  to Amend will be denied.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see Cahill

3  v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not

4  an abuse of discretion where further amendment would be futile).

5        Accordingly,

6        **IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss (Doc.

7  #28).

8        **IT IS FURTHER ORDERED** that the reference to the Magistrate Judge is

9  withdrawn as to Plaintiff's Motion to Amend (Doc. #42).

10        **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Amend (Doc. #42).

11        **IT IS FURTHER ORDERED** that Plaintiff's action is dismissed with prejudice. The

12  Clerk of Court must enter a judgment of dismissal accordingly.

13        DATED this 24th day of October, 2007.

14

15

16

17                              Stephen M. McNamee
                               United States District Judge
18

19

20

21

22

23

24

25

26

27

28

- 7 -